UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

v.

JOSE DEL LOS SANTOS RUBIO
BETANCURTH

Case No. 3:24cv976(MPS)

## RULING ON PETITION FOR WRIT OF ERROR CORAM NOBIS

Jose Del Los Santos Rubio Betancurth ("petitioner"), proceeding *pro se*, has filed a petition

for a writ of error *coram nobis* to vacate his conviction under the All Writs Act, 28 U.S.C. § 1651.

ECF No. 1. For the reasons set forth below, the petition is denied.

## I.    BACKGROUND

On August 10, 2005, a grand jury indicted the petitioner on conspiracy to possess with the

intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. 846, 841(A)(1), and

841(b)(1)(A). See 3:05cr200, ECF No. 11. On January 26, 2006, he pled guilty to that charge

before U.S. District Judge Alfred C. Covello. ECF No. 272. On January 25, 2007, he was

sentenced to 47 months of imprisonment and 5 years of supervised release. ECF No. 614. He

avers that he "completed his sentence on or about May 2010" and then was "immediately

deported." ECF No. 1 at 7, Aff. ¶ 10. On May 31, 2024, he filed this petition.

## II.    LEGAL STANDARD

"A writ of error *coram nobis* is an extraordinary remedy." *Kovacs v. United States*, 744

F.3d 44, 49 (2d Cir. 2014) (internal quotation marks and citation omitted). "Coram nobis is not a

substitute for appeal, and relief under the writ is strictly limited to those cases in which errors …

of the most fundamental character have rendered the proceeding itself irregular and invalid."

*Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks omitted).  A petitioner seeking such relief must demonstrate that 1) "there are circumstances compelling such action to achieve justice"; 2) "sound reasons exist [ ] for failure to seek appropriate earlier relief"; and 3) "the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id.* at 79 (internal quotation marks and citations omitted).  "In reviewing a petition for the writ, a court must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000).  The Supreme Court has noted that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996).

## III.    DISCUSSION

The petitioner asserts that during the change of plea proceeding the Court failed to advise him of certain rights and that he would be deported.  Had he known about these rights and that he would be deported, the petitioner argues, he would "not have pled guilty." ECF No. 1, Aff. ¶¶ 7-9.  As a result, his guilty plea was not knowing and voluntary.  ECF No. 1 at 4.  As relief, he seeks vacatur of his conviction.

The government argues that the petition fails because the petitioner has failed to demonstrate sound reasons for his failure to seek relief earlier.  I agree.

The timeliness of a coram nobis petition is "a threshold procedural hurdle to obtaining coram nobis relief."  *Dixon v. United States*, No. 14-CV-960 (KMK), 2015 WL 851794, at *6 (S.D.N.Y. Feb. 27, 2015).  *See Durrani v. United States*, 294 F. Supp. 2d 204, 212–13 (D. Conn. 2003), *aff'd*, 115 F. App'x 500 (2d Cir. 2004) ("The first issue is whether petitioner's delay in seeking relief renders coram nobis relief unavailable.")  "While [n]o statute of limitations governs

2

the filing of a *coram nobis* petition…, a petitioner must still show sound reasons for the delay in bringing the petition." *Doe v. United States*, 915 F.3d 905, 915 (2d Cir. 2019) (internal quotation marks and citation omitted). "Courts are required to address the timeliness inquiry on a case-by-case basis," *Alamgir v. United States*, No. 20-CV-215 (MKB), 2023 WL 5806234, at *10 (E.D.N.Y. Sept. 7, 2023), with the "critical inquiry being whether the petitioner knew or should have known earlier of facts underlying the claim for *coram nobis* relief." *Thomas v. United States*, No. 01-CR-579 (PAE), 2020 WL 3428148, at *6 (S.D.N.Y. June 23, 2020) (internal quotation marks omitted). "Where the filing of a petition has been delayed by several years and the petitioner has not proffered sound reasons for such delay, the petition should be dismissed." *Alamgir*, 2023 WL 5806234, at *10. *See United States v. Yeboah*, No. 95 CR.1124 (KPF), 2024 WL 5154066, at *7 (S.D.N.Y. Dec. 18, 2024) ("Typically…, courts find that a *coram nobis* petition should be dismissed if there have been several years of unjustified delay.") *See, e.g., Foont v. United States,* 93 F.3d 76, 80 (2d Cir. 1996) (five year delay); *Mastrogiacomo v. United States*, No. 90 CR 565 (KTD), 2001 WL 799741, at *2 (S.D.N.Y. July 16, 2001) (three year delay). "The sufficiency of the reasons bears an inverse relationship to the length of the delay — the longer the delay, the more compelling the reasons must be." *Alamgir*, 2023 WL 5806234, at *1.

Here, the petitioner offers no explanation, let alone a sufficient one, why he did not raise these arguments earlier. The issues he asserts in this petition, including the immigration consequences of his plea, were known or at the very least, should have been known, to the petitioner at or shortly following his deportation, some fourteen years ago. *See Durrani*, 294 F. Supp.2d at 214 ("the appropriate time period in which to analyze a petitioner's delay in filing a coram nobis petition commences with the date of the deportation order"). The petitioner has not provided any reason for the tremendous delay in filing his petition. "If the district court decides

there was not sufficient justification for [the petitioner's] failure to seek relief at an earlier time, the writ is unavailable and his petition for *coram nobis* should be dismissed." *Nicks v. United States*, 955 F.2d 161, 167-68 (2d Cir. 1992). Accordingly, the petition is denied.

## IV.    CONCLUSION

For the reasons discussed above, the petition for writ of coram nobis and vacatur of conviction (ECF No. 1) is DENIED. The Clerk shall close this case.

IT IS SO ORDERED.

      /s/      
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
      April 9, 2026